Lloyd W. Davidson, State's Atty., of Austin, for the State.

LATTIMORE, Judge.

Conviction for assault to murder; punishment, two years in the penitentiary.

The record is here without any statement of facts. Appellant complains by bill of exceptions No. 1 of the refusal of a second application for a continuance. In the absence of a statement of facts, this court is unable to appraise said bill. For aught we know, the absent witnesses may have appeared and given testimony upon the trial.

Complaint is made in another bill of exceptions of paragraph 3 of the charge of the trial court. We see nothing wrong with said paragraph, which presents an ordinary proposition defining an assault and battery. As a part of said bill of exceptions, complaint is also made of paragraph 9 of the charge. We have examined said paragraph, and it seems to us to announce a correct proposition of law.

Appellant's bill of exceptions No. 3 complains of the refusal of a special charge asked to be given in lieu of that contained in paragraph 9 of the court's charge, which is above referred to. We do not see any material difference between the principle of law embodied in the special charge and that contained in paragraph 9 of the charge as given. We see no error in refusing special charge No. 2, which sought to have the jury told that the use of any unlawful violence upon the person of another with intent to injure him is an assault.

Finding no error in the record, the judgment is affirmed.

**MONZINGO v. STATE.**

No. 18928.

Court of Criminal Appeals of Texas.

June 2, 1937.

Sam J. Hamilton, of Memphis, and Mahan & Broughton, of Childress, for appellant.

Lloyd W. Davidson, State's Atty., of Austin, for the State.

MORROW, Presiding Judge.

The conviction is for the unlawful sale of intoxicating liquor; penalty assessed at a fine of $100.

The count of the information under which the conviction was obtained is insufficient in failing to allege the steps by which the sale of liquor was prohibited, namely, that an election was held in the county and that the result thereof was such as to prohibit the act complained of. See Whitmire v. State (Tex.Cr.App.) 94 S.W.(2d) 742; Kelly v. State (Tex.Cr.App.) 98 S.W.(2d) 998; Privitt v. State (Tex.Cr.App.) 98 S.W. (2d) 204; Hardin v. State (Tex.Cr.App.) 101 S.W.(2d) 264.

For the reason stated, the judgment is reversed and the prosecution ordered dismissed.

**YOUNG v. STATE.**

No. 19137.

Court of Criminal Appeals of Texas.

June 2, 1937.

Rowell & Rowell, of Jefferson, for appellant.

Lloyd W. Davidson, State's Atty., of Austin, for the State.

MORROW, Presiding Judge.

Robbery with firearms is the offense; penalty assessed at confinement in the penitentiary for five years.

The indictment appears regular and properly presented. The record is before this court without statement of facts or bills of exception. No error has been perceived or pointed out.

The judgment is affirmed.